IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-3212-M-RJ

TYRONE D. GLADDEN,                )
                                  )
            Plaintiff,            )
                                  )
    v.                            )   ORDER
                                  )
KEVIN MONROE, et al.,             )
                                  )
            Defendants.           )

On September 5, 2024, Tyrone D. Gladden ("plaintiff"), as state inmate proceeding without prepayment of fees, filed *pro se* a complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 7].

On April 9, 2025, the court: granted plaintiff's motion to amend, conducted its initial review of the amended complaint, and allowed the action to proceed in part. See Order [D.E. 9].

This cause is now before the court on plaintiff's motion to appoint counsel, Mot. [D.E. 12], plaintiff's letter [D.E. 13], and defendants' motion to deem waivers timely filed, Mot. [D.E. 14].

Discussion:

In support of his motion to appoint counsel, plaintiff states that: he is unable to afford counsel; North Carolina Prisoner Legal Services has declined to represent him; this case "likely will involve conflicting testimony and counsel would better enable plaintiff to present evidence and cross examine witnesses"; and "Counsel can also do any form of depositions of defendants." Mot. [D.E. 12]. Plaintiff specifically seeks the appointment of Attorney Scott Holmes. Id. at 2.

There is no right to counsel in civil cases absent "exceptional circumstances." Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024); Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir.

1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court for S. Dist. Court for S. Dist. Of Iowa, 490 U.S. 296, 300 n.2 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted).

Exceptional circumstances exist where (1) "the plaintiff 'has a colorable claim'" and (2) "considering the claim's objective complexity and the plaintiff's subjective abilities, . . . the plaintiff 'lacks the capacity to present it.'" Jenkins, 109 F. 4th at 247 (quoting Whisenant, 739 F.2d at 162). To make this determination, a district court assesses "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Id. at 248.

Because plaintiff's claims, although nonfrivolous, are not difficult, and the filings show he can adequately present them, cf. id., the court DENIES this motion to appoint counsel [D.E. 12]

Next, plaintiff's May 2, 2025, letter asserts that two dates noted in the court's prior order were incorrect. See [D.E. 13] (stating that he was transferred to Maury C.I. on June 13, 2023, not June 23, and that his yearly custody review occurred on September 27, 2023, not September 23).

The court liberally construes this letter as a motion to amend the operative complaint to reflect these corrected dates, which the court summarily GRANTS. See Fed. R. Civ. P. 15(a); United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (noting courts "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions.").

The court now turns to defendants' June 11, 2025, motion to deem timely filed defendants' waivers of service of summons. Mot. [D.E. 14]. The waivers were due on June 8, 2025. See id. Defendants attach defendants' signed waivers of service. Mot. Attach., Ex. A [D.E. 14-1] at 1–2 (waivers from Kevin Monroe and Stephanie Green, respectively dated April 10 and 11, 2025).

2

After review, the court finds that defendants' failure timely to return waivers of service was the product of excusable neglect, finds good cause shown for this failure, and grants an enlargement of time. Fed. R. Civ. P. 6(b); In re MI Windows & Doors, Inc., Prod. Liab. Litig., 860 F.3d 218, 226 (4th Cir. 2017); Lovelace v. Lee, 472 F.3d 174, 203 (4th Cir. 2006); Harrison v. City of Greenville, No. 4:15-CV-17-BO, 2016 WL 4523901, at *3 (E.D.N.C. Aug. 22, 2016).

Accordingly, the court GRANTS defendants' instant motion [D.E. 14] and DEEMS timely filed defendants' waivers of service.

## Conclusion:

In sum, the court: DENIES plaintiff's motion to appoint counsel [D.E. 12]; GRANTS plaintiff's motion to amend the operative complaint to reflect these corrected dates [D.E. 13]; GRANTS defendants' motion to deem timely filed their waivers of service of summons [D.E. 14]; and DIRECTS the clerk to continue management of the action.

SO ORDERED this 25th day of June, 2025.

RICHARD E. MYERS II
Chief United States District Judge